CLASSICBERRY LIMITED and The Black Crowes Partnership, Plaintiffs–Appellees,

v.

MUSICMAKER.COM, INC., Defendant–Appellant.

Docket No. 02–7054.

United States Court of Appeals, Second Circuit.

Oct. 16, 2002.

Stuart A. Jackson, Ré Parser & Partners, New York, NY, for Appellant.

John E. Finnegan, Phillips Nizer Benjamin Krim & Ballon, LLP (John F. Wilk, on the brief), New York, NY, for Appellee.

Present WALKER, Chief Judge, CARDAMONE, and STRAUB, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Defendant-appellant Musicmaker.com, Inc. appeals from the January 11, 2002 judgment of the district court denying defendant's motion for leave to add two counterclaims to its answer and granting summary judgment for plaintiffs on their $250,000 contract claim.

On appeal, Musicmaker.com argues that the district court abused its discretion in denying Musicmaker.com's motion to amend because (1) it had a valid justification for the delay in making one of its claims and (2) its proposed amendments would not have significantly prejudiced plaintiff Classicberry. We disagree.

The chronology of events leading up to defendant's motion to amend its answer is as follows. On May 17, 2001, the parties agreed to the following scheduling order: the last day for adding claims or parties was August 31, 2001; discovery had to be completed by September 28, 2001; and trial would commence in January 2002. On October 12, 2001, Classicberry moved for summary judgment. On October 29, 2001, Musicmaker.com filed its opposition to the motion for summary judgment, abandoned its nine existing counterclaims, and sought to amend its answer by adding two new counterclaims: frustration of purpose and negligent misrepresentation. At a December 10, 2001 conference, the district court proposed allowing the amendments on the condition that Musicmaker.com pay for plaintiffs' discovery costs related to the new counterclaims. Musicmaker.com declined this offer and the district court subsequently denied Musicmaker.com's motion to amend on the basis that it would prejudice plaintiffs. Because defendant presented no other opposition to plaintiffs' motion for summary judgment, the district court also granted summary judgment.

We review the district court's denial of a motion for leave to amend an answer pursuant to Fed.R.Civ.P. 15(b) for abuse of discretion. *Grace v. Rosenstock,* 228 F.3d

40, 54 (2d Cir.2000), *cert denied sub nom. Grace v. Genser,* 532 U.S. 923, 121 S.Ct. 1362, 149 L.Ed.2d 290 (2001).

Musicmaker.com suggests that it could not have raised the negligent misrepresentation claim sooner because it learned of the facts underlying the claim only at the October 10, 2001 deposition of Daniel Socolof. However, the essential facts underlying the negligent misrepresentation claim—that Classicberry licensed 19 songs to record producer TVT, that Socolof had represented Classicberry in those negotiations and also had a consulting agreement with Musicmaker.com, and that Socolof had allegedly made certain misrepresentions to Musicmaker.com regarding the record agreement with TVT—were all known to Musicmaker.com by at least July 4, 2001 when the TVT record was released. Furthermore, Musicmaker.com offered no satisfactory explanation for why they waited to depose Socolof until after the cut-off date for discovery. We therefore find that the district court correctly determined that Musicmaker.com did not present a valid reason for the delay.

Musicmaker.com argues that the addition of the frustration of purpose counterclaim would not have prejudiced plaintiffs because they were already aware of and had conducted discovery on this claim. Musicmaker.com supports this argument with an October 17, 2001 letter from plaintiffs to the district court in which plaintiffs explain that during depositions, they discovered that defendant's real theory was that Classicberry had been obligated to take steps to prevent Napster from making the licensed songs available for free over the internet and had not done so. However, whatever awareness of defendant's argument plaintiffs may have gained through depositions is not the same as having defendant properly present its case in a pleading. Defendant's argument that there would be no prejudice because plain-tiffs inquired about Napster during depositions is similarly unconvincing because it does not demonstrate that additional discovery would not have been necessary.

With respect to the negligent misrepresentation claim, Musicmaker.com acknowledges that plaintiffs would have needed to conduct discovery. Musicmaker.com therefore argues that plaintiffs would not have been prejudiced enough by the inclusion of the new claim to justify the denial of their motion. However, as the district court found, if the claims were added, plaintiffs would have had to bear greater litigation costs and the resolution of the case would have been delayed. Furthermore, because defendants made their motion to amend after discovery had closed and plaintiffs had moved for summary judgment, the amendment would have been "especially prejudicial." *Krumme v. WestPoint Stevens Inc.,* 143 F.3d 71, 88 (2d Cir.1998)(quoting *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir.1985)).

Because there was no justification for the delay of either claim and because there is evidence that the addition of each claim would prejudice plaintiffs, we find that the district court acted well within its discretion in denying the motion under Fed. R.Civ.P. 15(a). *See id.* In any event, the motion to amend was made after the trial schedule cut-off date for such amendments and therefore the higher "good cause" standard of Fed.R.Civ.P. 16(b) applies to defendant's motion to amend. *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir.2000) (noting that "a finding of 'good cause' depends on the diligence of the moving party"). Given that the facts underlying defendant's new claims were previously known to defendant and no other justification for the delay is presented, there is plainly no showing of "good cause" and no abuse of discretion by the district court.

Musicmaker.com also argues that the district court abused its discretion by offering to allow the amendment so long as Musicmaker.com paid plaintiffs' discovery costs related to the amendment. We find this argument to be without merit. This appeal concerns the district court's denial of defendant's motion to amend its answer and not the offer made by the district court at conference. The fact that the district court would have been willing to permit the amendment if Musicmaker.com had mitigated the prejudice to plaintiffs by paying the extra discovery costs in no way demonstrates that it was an abuse of discretion for the district court to deny defendant's motion to amend after defendant rejected this offer.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**